the court improvidently exercised its discretion in denying petitioner's application (*see id.*). "We thus conclude 'that this [would be] an appropriate case in which to exercise our broad equity power to vacate [the] default judgment' " (*id.*).

We further conclude that the court erred in denying petitioner's application for the independent reason that petitioner was deprived of due process based on respondent's failure to provide him with adequate notice of the foreclosure action. To satisfy due process, notice must be " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' " (*Jones v Flowers*, 547 US 220, 226 [2006], quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). Generally, "notice sent by ordinary mail is deemed reasonably calculated to inform interested parties that their property rights are in jeopardy" (*Weigner v City of New York*, 852 F2d 646, 650 [1988], *cert denied* 488 US 1005 [1989]). However, "[t]he means employed [to provide notice] must be such as one desirous of actually informing the [parties] might reasonably adopt to accomplish it" (*Mullane*, 339 US at 315). Thus, " 'notice required will vary with circumstances and conditions' " (*Jones*, 547 US at 227, quoting *Walker v City of Hutchinson*, 352 US 112, 115 [1956]).

Where the government has "knowledge that notice pursuant to the normal procedure was ineffective[, there arises] an obligation on the government's part to take additional steps to effect notice" (*id.* at 230). Here, respondent was or should have been aware that petitioner was illiterate, and his illiteracy was a significant circumstance or condition that weighed against a "reasonabl[e] calculat[ion]" that the usual method of mailing the foreclosure notice would apprise petitioner of the foreclosure action (*id.* at 226). Put differently, "[n]o one 'desirous of actually informing' " the elderly, illiterate petitioner that his house was in foreclosure would reasonably think that sending him a letter would give him notice of the impending foreclosure (*id.* at 229). Consequently, under the particular circumstances of this case, we conclude that petitioner, who we note must pay his taxes and must be accountable for tax delinquency (*see id.* at 234), was not provided with adequate notice of the impending taking. We further conclude that, while it is not our responsibility to prescribe the form of notice to be provided to petitioner (*see id.*), we are confident that there were reasonable steps respondent could have taken to inform petitioner of his tax delinquency (*see id.* at 238). Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.

■ CLAY LANGENSIEPEN, Appellant, v DAVID KRUML, Respondent. (Appeal No. 1.) [938 NYS2d 493]

Present—Smith, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.

◼ CLAY LANGENSIEPEN, Appellant, v DAVID KRUML, Respondent. (Appeal No. 2.) [939 NYS2d 209]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle driven by defendant and in which plaintiff was a passenger struck a tree. We conclude that Supreme Court properly granted those parts of defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and 90/180-day categories of serious injury (see Insurance Law § 5102 [d]). Contrary to plaintiff's contention, defendant met his initial burden on the cross motion with respect to those categories and, in opposition to the cross motion, plaintiff failed to submit the requisite "objective proof of [his alleged] injury in order to satisfy the statutory serious injury threshold" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]).

We agree with plaintiff, however, that the court erred in granting those parts of defendant's cross motion with respect to the significant disfigurement and significant limitation of use categories of serious injury. According to plaintiff, the scar on his